THOS. KELLY v. The Executors, etc. of JOHN A. WISEMAN.

(No. 8,682.)

1. As a general rule, the statute of limitations forms no defense under the general issue. The statute must be pleaded specially when the cause of action is alleged to have accrued at a time beyond that prescribed by the statute.

2. But under the decision in *Hill* v. *Henry*, 17 Ohio, 11, it seems the judge before whom the case is tried may take notice of the lapse of time, without plea, or after plea is filed.

SPECIAL TERM.—On demurrer to an amended petition. The original petition was filed December 1, A. D. 1855.

The petitioner claimed an indebtedness against John A. Wiseman, for work performed in 1841–2 and 3. In his lifetime Wiseman filed an answer, denying, first, the indebtedness generally; and, secondly, alleging that the cause of action did not accrue at any time within six years before the suit was commenced. No replication was filed, as the pleadings were made up before the amendment to the 101st section to the code.

Pending the cause Wiseman died, and James Saffin, executor, etc., was made defendant.

The petition was subsequently, on October 1, A. D. 1858, amended, in substance as follows:

That between the 2d of May, 1843, and the commencement of this suit, the plaintiff, by himself or attorney, on

one occasion, at least, and generally oftener, in each year of said term, presented the account (a copy of which is attached to the petition), to the defendant, Wiseman, for payment, and on these occasions, when so presented, the said Wiseman acknowledged the correctness of the debt, and promised to pay it.

To this amended petition the defendant demurred.

*Nicholas Headington,* for plaintiff.

*W. B. Caldwell,* for defendant.

STORER, J.   As a general rule, by the English practice, as well as that prevailing in American courts, the statute of limitations forms no defense, under the general issue, but must be pleaded specially; and this is required when the cause of action is alleged to have accrued at a time beyond that prescribed by the statute.

The statute does not destroy the debt: it takes away the remedy only; and the debtor may either take advantage of the limitation, or waive the privilege altogether.   It was at one time held by Lord Holt that the statute could be given in evidence under the plea of *nil debet,* though not in assumpsit.   But we apprehend the exception would not now be admitted.   Chief Justice Parsons, in *Pearsall* v. *Dwight,* 2 Mass. 87, remarks that the decision referred to is merely a dictum of Lord Holt, and has been since overruled.   The same view has been taken by Williams in his notes to 1st Saunders, 283, note 2, as, also, 5 Conn. 343, *Robbins* v. *Harvey.*

Whenever the plea of the statute was interposed, the plaintiff took issue by general traverse, or replied over a new promise, or that some one of the disabilities allowed by the statute existed.   This admitted the validity of the plea; and the new matter set up by the replication was the answer to the defense; and such was the practice in Ohio until *Hill* v. *Henry,* 17 Ohio, 11, was decided.

It was in that case held when a cause of action was barred, and it was sought to be revived by a subsequent promise, the action should be brought on that promise, and not on the original contract. Judge Hitchcock founded the opinion on a distinction which, it was said, existed between the law of Ohio and the English statute. He claimed that if the promise to pay had been made before the bar intervened, the suit might be maintained for the original debt, within the time allowed, dating the statutory time from the promise; but if the promise was made after the bar had attached, the original debt was gone, and the promise to pay it alone could be sued on.

There are serious difficulties in the application of the rule. If the bar of a statute confers a privilege, the defendant, by not asserting it, would seem to have waived it; and if the cause of action should even appear in the pleadings to be barred, if no exception should be taken by the debtor, there would be a tacit admission the claim was just. But on the hypothesis of the supreme court, the judge before whom the case is tried may take notice of the lapse of time, without plea or after plea should be filed. A replication of a new promise would not prevent the bar.

But as the law now stands expounded in *Hill* v. *Henry*, we must abide by it. Although this suit is brought under the code, the statute of limitations of 1831 being in force when the right of action accrued, must consequently determine it.

This is in conformity with the sixth section of the code, as well as the construction of our courts before the present practice prevailed. 6 Ohio, 96, *Bigelow* v. *Bigelow*.

In the case before us, the plaintiff avers that he demanded payment at least once in each year, from the contracting of the debt to the commencement of the action. This allegation would be a novel one under any system of pleading. It is obnoxious to the charge of duplicity, and has no certainty of time or place. It presents no distinct issue, nor does it advise the party to be affected by the averment, of what he may expect will be proved. As we have already

intimated, if the promise said to be made were made before the debt was barred, then the whole allegation is not only unnecessary, but irrelevant to the issue—as the question could be raised only by a replication to the defendant's plea. If, however, the alleged promise was made after the statute had run, the averment should be so stated that it would clearly appear such was the fact.

Demurrer sustained.